IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Nancy B. Stroman, Individually and as Personal Representative of the Estate of John Donald Stroman, <br><br>　　　　　　Plaintiff, <br><br>　vs. <br><br>Town of Santee; Police Commissioner Cleveland Gilmore, in his individual and official capacity; Police Chief Robert Williams, in his individual and official capacity; Police Officer Brian K. Brown, in his individual and official capacity; Todd M. Denkinger, M.D., in his individual, official and/or employee capacity; Orangeburg County; Orangeburg County Fire District, a/k/a Orangeburg County Fire Service; Cow Castle Volunteer Fire Department; Santee Fire Service District; the South Carolina Department of Transportation; and the South Carolina Department of Public Safety, <br><br>　　　　　　Defendants. | Civil Action No.: 5:03-2554-RBH <br><br><br><br><br><br><br><br>**O R D E R** |

　　　This matter is before the court on Defendant Todd M. Denkinger's motion to dismiss, which he subsequently converted to a motion for summary judgment. The motion was filed on August 8, 2005. The plaintiff filed a response in opposition to the defendant's motion on August 22, 2005. Therefore, the matter is ripe for consideration and this court will rule as follows.

## I. Background Facts and Procedural History

　　　This case has a lengthy and extensive factual and procedural history which the court has set forth

1

in detail in its Order dated June 28, 2005. Therefore, the court will only set forth the portions of the factual and procedural history relevant to the present motion.

On February 22, 2005, the Orangeburg defendants filed a motion for summary judgment on their declaratory judgment counterclaim. This court held a hearing in Aiken, South Carolina, on April 19, 2005.

At the hearing, the Orangeburg defendants stated that they were no longer certain that Dr. Denkinger, the Medical Control Officer/Physician of the Orangeburg County Fire Service/EMS, was an employee. After learning of the Orangeburg defendants' new position concerning the status of Dr. Denkinger, the plaintiff immediately moved to amend her complaint to add Dr. Denkinger as an individual defendant. This court granted such motion, and on June 7, 2005, the plaintiff filed her second amended complaint, which named Dr. Denkinger as an individual defendant. On August 8, 2005, Dr. Denkinger filed a motion to dismiss. On August 10, 2005, Dr. Denkinger filed an answer to the plaintiff's amended complaint. On August 11, 2005, Dr. Denkinger filed an affidavit and requested to convert his motion to dismiss into a motion for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine

issue of material fact, and the Court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

### III.  Discussion

**A.  "Employee" of a Governmental Entity**

Defendant Denkinger first argues that he should be dismissed as an individual defendant in this case pursuant to S.C. Code Ann. § 15-78-70(c), which prohibits a plaintiff from naming an employee of a political subdivision as a party-defendant. However, the court notes that the Orangeburg defendants have stated that Dr. Denkinger is not an employee of Orangeburg County, rather he is an independent contractor. See Defendant Orangeburg's Answer to Second Amended Complaint, Entry # 96-1, ¶ 26.

Further, it must be noted that S.C. Code Ann. § 15-78-30(c) states in pertinent part, "[o]n or after January 1, 1989, 'employee' means any officer, employee, or agent of the State or its political subdivisions, including elected or appointed officials, law enforcement officers, and persons acting on

behalf or in service of a governmental entity in the scope of official duty including, but not limited to, technical experts whether with or without compensation, but the term does not include an independent contractor doing business with the State or any political subdivision thereof."

Importantly, although Dr. Denkinger asserts in his motion that he was an employee of a governmental entity at the time of the incident alleged in the plaintiff's complaint, his putative employer (Orangeburg County) states that he was not an employee, but was an independent contractor. The court finds that if the two parties to the contract are in dispute as to the nature of their relationship, then it is clearly a question of fact to be decided by a jury. Likewise, if Dr. Denkinger is in fact an independent contractor, S.C. Code Ann. § 15-78-70(c) does not prevent him from being individually named as a party-defendant. For the reasons stated above, the court finds Defendant Denkinger's motion for summary judgment based on S.C. Code Ann. § 15-78-70(c) must be denied.

**B.  Physician/Patient Relationship**

As a second ground in support of his motion, Dr. Denkinger argues that he should be granted summary judgment because he never actually provided medical care to the plaintiff and the decedent. Defendant Denkinger argues that at the time of the occurrence complained of by the plaintiff, October 31, 2002, he was not present on the scene, never saw or treated the plaintiff or the decedent, and is being sued in his "official" capacity as an employee or agent of Orangeburg County as the Medical Control Physician for the Orangeburg EMS team(s) that responded to the accident involving the plaintiff. Therefore, Defendant Denkinger argues that he never developed a physician/patient relationship with the plaintiff or decedent, but is being sued in his official administrative capacity as Medical Control Physician for Orangeburg County EMS. As such, Defendant Denkinger argues that S.C. Code Ann. § 15-78-70 prohibits him from being named as a defendant.

4

In the response in opposition to the present motion, the plaintiff states that the allegations of negligence in the complaint against Dr. Denkinger are not solely based on a physician/patient relationship. Instead, the plaintiff argues that her allegations of negligence against Dr. Denkinger are also based on his role as the Medical Control Physician, an administrative and supervisory role defined by his contract and by DHEC Regulations. The plaintiff notes that Dr. Denkinger avers in the affidavit attached to his motion, that the position of Medial Control Physician "is an administrative role, not a hands-on supervisory role." However, the plaintiff argues that a large component of this administrative role, as set out by DHEC Regulations and by the contract between Dr. Denkinger and Defendant Orangeburg County, is the supervision of EMTs. Plaintiff states that contrary to Dr. Denkinger's assertion, a Medical Control Physician does indeed have a hands-on supervisory role in relation to his EMTs. The plaintiff points out that as a Medical Control Physician, Dr. Denkinger had a contract with Orangeburg County to "supervise all medical training of all Advance, Intermediate, and Basic Emergency Medical Technicians." (Contract ¶ 2C). The plaintiff also notes that Dr. Denkinger, as Medical Control Physician, has "[d]isciplinary authority sufficient to oversee the quality of patient care for all EMTs . . . ." DHEC Reg. 61-7, § 302(c). Plaintiff also points out that as Medical Control Physician, Dr. Denkinger "[m]ay withdraw at his/her discretion the authority for personnel to perform any or all patient care procedures." DHEC Reg. 61-7, § 302(f). Plaintiff argues that these powers give the Medical Control Physician the ability to effectively supervise the EMTs who notably, practice under the physician's medical license. Plaintiff states that in this case, she has alleged that Dr. Denkinger negligently, recklessly, wilfully, and/or needlessly failed to fulfill the duties imposed upon him, as Medical Control Physician by both his contract with Defendant Orangeburg County and by the applicable DHEC regulations. Plaintiff further argues that all of the EMTs who responded to the scene

of the collision in which the plaintiff and the decedent were injured were under the supervision and control of Dr. Denkinger, and he had the responsibility to train and supervise these EMTs.

Plaintiff further notes that she has alleged that a portion of the injuries she and the decedent sustained were caused by the negligent management, supervision and training of the EMS Division and the individual EMTs, including but not limited to the EMTs responding to a collision scene with inoperable equipment and the EMTs placing preservation of a crime scene over provision of treatment to an expeditious transport of seriously injured persons.

The court notes that a duty can arise from the common law or from statute. The physician/patient relationship is necessary to establish a common law duty. However, in this case there is statutory or DHEC Regulations regarding the duties of a Medical Control Physician which apply to Defendant Denkinger, as he is responsible for maintaining "quality control of the care provided." DHEC Reg. 61-7, § 302. The court finds that nothing in Defendant Denkinger's motion addresses this supervisory role issue and he has chosen not to file a reply. As such, this court is charged to consider the allegations in the complaint and the inferences drawn therefrom, in the light most favorable to the non-moving party. Therefore, the court finds Defendant Denkinger's motion for summary judgment based on physician/patient relationship must be denied.

### C.  This Court's Previous Order

As additional support for the motion of summary judgment, Dr. Denkinger notes the court's Order dated June 28, 2005, held that the alleged negligent acts of the EMS/Fire Defendants in their providing medical care, treatment, extrication and transportation does not constitute a second occurrence. Therefore, Defendant Denkinger argues there can be no action for medical negligence against him since the court has found that any of his actions as alleged in the plaintiff's second amended

complaint proximately flowed from the collision, not from any negligence on behalf of the EMS/Fire Defendants.

In response, the plaintiff notes that Dr. Denkinger contends that this ruling means that there can be no action for medical negligence. However, the plaintiff argues that Dr. Denkinger may be held liable for injuries and damages the plaintiff sustained as a result of both the first and second occurrences.

With regard to the first occurrence, the plaintiff notes that this court found that "[t]he allegations of negligent medical care, treatment, extrication, and transportation that occurred after the collision are all traceable to a common root, the alleged negligence of Defendant Brown and the ensuing collision of the vehicle." Therefore, the plaintiff argues that the court found that there may be more than one proximate cause of the injuries the plaintiff sustained as a result of the first occurrence. Plaintiff notes that "[p]roximate cause does not mean the sole cause. The defendant's conduct can be a proximate cause if was at least one of the direct, concurring causes of injury." Rife v. Hitachi Construction Machinery Co., 609 S.E.2d 656, 670 (Ct. App. 2005). The plaintiff further argues that if a single injury is the proximate result of separate and independent acts of negligence of two or more parties, the tortfeasors, even in the absence of community of design or concert of action, are jointly and severally liable to the injured party. See Griffin v. Van Norman, 397 S.E.2d 378 (Ct. App. 1990).

In this case, the plaintiff states that her injuries and the decedent's injuries from the first occurrence have multiple proximate causes. The plaintiff argues that these proximate causes include, but are not limited to, the negligence of the Defendant Department of Transportation in the design of the intersection, the negligence of Defendant Brian K. Brown in his driving at the time of the collision, the negligence of the Defendants Town of Santee, Commissioner Cleveland Gilmore, and Police Chief

7

Robert Williams in their supervision of Defendant Brown, the negligence of the South Carolina Department of Public Safety for the actions and inactions of their employees at the collision scene, the negligence of the Defendant Orangeburg County, Orangeburg County Fire District, Cow Castle Volunteer Fire Department, and Santee Fire Service District for the actions and inactions of their employees at the collision scene, and the negligence of Dr. Denkinger in connection with the training, supervision, and administration of and delegated practice to the EMTs and/or of the emergency personnel on the scene.

The plaintiff argues that because Dr. Denkinger's negligence is a proximate cause of the injuries the plaintiff sustained in the first occurrence, he is jointly and severally liable to the plaintiff, and this court's Order of June 28, 2005, which only determined the number of occurrences in this matter, has no effect on the negligence and liability of Dr. Denkinger.

Likewise, the plaintiff argues that Dr. Denkinger is also liable to her for negligence in connection with the second occurrence. Plaintiff notes that this court's June 28, 2005, Order provided that the second occurrence is the "alleged act of choosing preservation of a crime scene over human life and safety." Plaintiff argues this decision was made by the EMTs, South Carolina Department of Public Safety employees and other emergency responders on the scene, and Dr. Denkinger, as the person responsible for training and supervising these EMTs, and as the Medical Control Physician through whom the EMTs were able to practice, is liable to the plaintiff in connection with the second occurrence.

The court notes that its Order dated June 28, 2005, dealt only with the number of occurrences for the purpose of determining the amount coverage under the South Carolina Tort Claims Act. Additionally, the court notes that Defendant Denkinger has not filed a reply to the plaintiff's response

in opposition to the motion for summary judgment. Considering such, the court finds that there is a genuine issue of material fact on this issue. Therefore, the defendant's motion for summary judgment on this issue is denied.

### IV. Conclusion

For the reasons stated above, Defendant Denkinger's motion for summary judgment is hereby **DENIED**.

**AND IT IS SO ORDERED**.

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
March 31, 2006